## W. E. THROCKMORTON v. J. H. DAVENPORT.

### (Case No. 3679.)

1. JUDGMENT.— It is manifest error to render judgment in an action of trespass to try title for land, a portion of which is not embraced in the description given in the pleadings of the land in controversy.
2. PRACTICE.— In a suit by one claiming pre-emption rights, brought against the county surveyor to compel by *mandamus* a survey, and against parties in possession to recover the land, the plaintiff may dismiss as to the surveyor, and prosecute the suit to try title against the parties in possession.

ERROR from Erath.    Tried below before the Hon. J. R. Fleming.

Suit by Davenport against the county surveyor of Erath county to compel a survey of one hundred and sixty acres of land claimed by him as a pre-emptor, and against Satterwhite and Throckmorton, who, it was alleged, were trespassers who had forcibly ejected the plaintiff from possession.    The action was dismissed as to the surveyor, and judgment rendered after trial against the other defendants.

*Buck & Frank*, for plaintiff in error.

*J. D. Berry* and *J. W. Robertson*, for defendant in error.

GOULD, ASSOCIATE JUSTICE.— The field notes of the land sued for, as given in plaintiff's petition, are as follows: "Beginning at the N. E. corner of a survey of 640 acres made for Hugh Maloy for the S. E. corner of this; thence N. 19° E., 950 varas to the N. E. corner of this survey; thence S. 71° W., 950 varas to the · N. W. corner of this survey; thence S. 19′ W., 950 varas to the S. W. corner of this survey; thence N. 71° E., 950 varas to the beginning."    The petition contains no other description sufficient to identify the land.    In the judgment the field notes are the same with the exception of the second and

fourth calls, in which the bearings are N. 71° W. instead of S. 71° W., and S. 71° E. instead of N. 71° E. The effect of the change is that a very considerable part of the land adjudged to plaintiff is land not claimed in his pleadings. It is manifest error to render in favor of plaintiff a judgment not authorized by the allegations or prayer of his petition, and as this error is embraced amongst those assigned, it entitles plaintiff in error to a reversal of the judgment. Hall *v.* Jackson, 3 Tex., 309. This disposition of the case renders it unnecessary to notice other questions not likely to recur on another trial. We will only add, that the suit was not only to enforce a survey, but was also against parties in possession, to recover the land, and that we entertain no doubt as to the right of the plaintiff to dismiss as to the surveyor, and yet prosecute his suit to try title against the other defendants. The judgment is reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 10, 1881.]