## MARTIN v. ABBOTT et al. (No. 3292.)

Court of Civil Appeals of Texas. Amarillo. Jan. 22, 1930.

M. J. Baird, of Plainview, for appellant.

C. D. Russell, of Plainview, for appellees.

JACKSON, J. This action was instituted in the district court of Hale county, Tex., by Leland W. Abbott and W. B. Davenport, plaintiffs, in the form of a suit in trespass to try title against J. T. Martin and wife, Sadie Martin, defendants, to recover the west 90 feet of lots Nos. 9, 10, and 11 in block 10 in the city of Plainview, Hale county, Tex.

The defendants answered by general demurrer, general denial, plea of not guilty, and specially pleaded, in effect: That the plaintiffs acquired title to the property by a sale under a deed of trust given by the defendants to secure a note for the purchase money and taxes in the sum of $3,300, bearing 10 per cent. interest and containing the usual stipulation for attorney's fees, payable to the Continental Savings & Building Association of Dallas, Tex. That the property was the homestead of the defendants, and that the deed of trust and note provided for usurious interest. That the defendants defaulted in the payment of the note according to its terms, and that defendants made arrangements with the Jefferson Standard Life Insurance Company to refinance said loan and take up and extend the indebtedness of the Continental Savings & Building Association of Dallas, Tex. That the Jefferson Standard Life Insurance Company knew of the provisions making the note and deed of trust, given to the Continental Savings & Building Association of Dallas, usurious. That on default in the payment of their indebtedness according to the contract note and deed of trust with the Jefferson Standard Life Insurance Company, the property was sold to the plaintiffs under said deed of trust by a substitute trustee. That the purported foreclosure and sale under the deed of trust was void because the note and deed of trust given to the Continental Savings & Building Association of Dallas was usurious, of which the Jefferson Standard Life Insurance Company had notice at the time it took up and extended said note, and also the sale was made without the defendants being given notice of the time and place thereof, and the substitute trustee was without authority to make the sale and execute the deed under which the plaintiffs claim title.

In a supplemental petition, the plaintiffs excepted to the plea of usury, and alleged that the defendants represented that there was a valid vendor's lien against the property and that the deed of trust under which the same was sold to plaintiffs was a renewal and extension of the lien so represented and that the deed of trust was to secure the payment of the purchase money and taxes against the property and are estopped from denying the validity of such lien. That the defendant, J. T. Martin, prior to the sale under the deed of trust, agreed with plaintiffs that if they would buy the property and give him a contract under which he could redeem it within sixty days, he would pay plaintiffs the debt against the property with 10 per cent. thereon as a bonus. That under this agreement the plaintiffs purchased the property and entered into a written contract with the defendants in compliance with such agreement. That at the expiration of the 60 days, defendants wanted an additional extension, and both the defendants and plaintiffs signed a written extension of the agreement for the additional consideration that the defendants would pay the plaintiffs the sum of $5,500 for the property and $50 for rent for the use thereof during the next 30 days, the period of the second extension.

After the testimony was in, the court directed the jury to find a verdict in favor of the plaintiffs.

The record discloses that there were two judgments entered upon the verdict returned by the jury in compliance with the court's instruction. One of the judgments appears to have been filed on May 23, 1929, and decrees to the plaintiffs the east 90 feet of lots 9, 10, and 11 in block 10; and a judgment later entered decrees to the plaintiffs the west 90 feet of lots 9, 10, and 11 in block 10, the property which plaintiffs sought to recover.

The defendants prosecuted an appeal from the judgment describing the east 90 feet of the lots described in the petition, but this judgment was void because not authorized by the pleadings. Throckmorton v. Davenport, 55 Tex. 236.

It is contended in the briefs and in the arguments that the judgment correctly describing the property in controversy was entered in vacation, and the defendants admit that a subsequent judgment, entered in vacation, has been substituted for the judgment from which the appeal is prosecuted.

On a former submission of the case, this court held that the appeal should be dismissed because it had not been prosecuted from the judgment last entered, but that the last judgment, by the terms thereof or by the record, is not shown to have been a judgment entered in vacation nunc pro tunc. The submission of the case was set aside and postponed to give the defendants, if they desired to do so, a reasonable time to institute an

action in the nature of a bill of review to set aside the last judgment. In that opinion (not for publication) this court said: "If this is done, and such proceeding results in setting aside said judgment, then the controversy before us on appeal may be decided upon an amendment of the record showing the action of the Court in setting aside the last judgment." In the event defendants "fail in their efforts to set aside said judgment, then this appeal must be dismissed and the appeal must be based upon the last judgment."

The defendants did not see fit to avail themselves of the privilege given by this court to file a bill of review to set aside the judgment of the trial court last entered, which decreed to the plaintiffs the land in controversy. However, the plaintiffs made a motion in the district court to have the judgment, properly decreeing to them the land, entered nunc pro tunc.

The defendants were given notice and answered said motion by general demurrer, special exception, general denial, plea of not guilty, together with the answer to the merits of the case filed in the original suit.

A hearing on the motion was had, and on the only special issue submitted or requested, the jury found, in effect, that on the trial of the case on its merits, on February 8, 1929, after the jury had returned a verdict in favor of the plaintiffs, the court rendered judgment in behalf of plaintiffs for the west 90 feet of lots 9, 10, and 11 in block No. 10 of the city of Plainview, Hale county, Tex., and on this finding a judgment was entered nunc pro tunc, giving the plaintiffs title and possession to the land in controversy, from which judgment the defendants prosecute this appeal.

The appellants, having failed to file a bill of review to set aside the judgment correctly describing the land in controversy and vesting title in appellees, and having failed in their contest of appellees' motion to have such judgment entered nunc pro tunc, the former appeal, as held in the opinion thereon, must be dismissed.

We therefore have before us for our consideration the errors presented in the appeal from the judgment entered nunc pro tunc.

■ In the appeal from the nunc pro tunc judgment, no statement of facts has been filed, and the transcript in said appeal does not disclose the pleadings of appellees in the trial on its merits, but only appellees' motion to have the judgment entered nunc pro tunc. The appellants, in their contest of appellees' motion to have the judgment as rendered by the court entered nunc pro tunc, among other things pleaded as a defense substantially the matters set out in their answer to the suit on its merits, but no issue contained in said answer was submitted to the jury by the court, no request for the submission of any such issue was made, and no objection is urged in the appeal because such issue was not submitted, and while, under the facts disclosed by the record, we doubt if the submission of such issue would have been permissible, certainly the appellants have waived in that proceeding the submission of any material issue to their defense. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

■ The appellants present as error the action of the trial court in overruling their demurrer and exception to the sufficiency of plaintiffs' motion to have the court hear and determine whether or not the judgment should be entered nunc pro tunc.

This contention is not tenable, because the court, either upon its own motion or upon the application of the parties, may order the proper entry, because it possesses the inherent power as a court, over its own records, to make such entry for the sake of verity. Coleman v. Zapp et al., 105 Tex. 491, 151 S. W. 1040.

■ The appellants assign as error the action of the trial court in refusing to give a special charge requested by them in the hearing on the motion to have the judgment entered nunc pro tunc; but as there is no statement of facts in the record of the evidence heard on the motion to have the judgment entered nunc pro tunc, this assignment presents no error.

■ The appellants also challenge as error the action of the trial court in permitting the introduction of certain testimony by the appellees on the hearing to enter the judgment nunc pro tunc; but no bill of exceptions to the admission of such testimony appears in the transcript.

■ In the absence of a statement of facts disclosing the testimony heard on the motion, appellants' contention that the evidence was insufficient to support the findings of the jury cannot be considered.

The above disposes of all the assignments of error contained in the transcript presenting the appeal from the judgment entered nunc pro tunc.

■ The appellants, in their brief in the last appeal, have copied the assignments of error presented in the transcript of the appeal from the judgment which was void and for which the later judgment was substituted and which was later entered nunc pro tunc; but these assignments are not before this court, because the former appeal having been dismissed, the transcript and record of such appeal is not before this court for consideration at this time and we are without authority to consider such assignments. Farmers' State Bank of Burkburnett v. McReynolds et al. (Tex. Civ. App.) 1 S.W.(2d) 322, and authorities cited.

It is our opinion, however, that if we were authorized to consider in this appeal the transcript and statement of facts and the assignments of error presented to the action of the court in the appeal dismissed, no reversible error is presented. Cornish v. Houston Terminal Land Co. (Tex. Civ. App.) 257 S. W. 575; O'Quinn et al. v. Harrison (Tex. Civ. App.) 271 S. W. 137; Hemphill v. Watson, 60 Tex. 679; W. C. Belcher Land Mortgage Co. v. Taylor et al. (Tex. Com. App.) 212 S. W. 647; Price v. McAnelly et ux. (Tex. Civ. App.) 287 S. W. 77.

The judgment·is affirmed.