## SAWYER et ux. v. CURTIS et al.
### No. 9635.

Court of Civil Appeals of Texas. Galveston.
Jan. 20, 1932.

Rehearing Denied Feb. 11, 1932.

C. E. McVey, of Houston, for plaintiffs in error.

W. P. Hamblen and Edgar Monteith, both of Houston, for defendants in error.

**LANE, J.**

This suit was instituted by N. J. Curtis in the form of trespass to try title to lot 21 in block 5 of Broadmoor addition to the city of Houston, Tex., against R. R. Sawyer and wife, Irma R. Sawyer.

Defendant answering the suit of plaintiff, Curtis, pleaded "not guilty," and by cross-action in effect alleged that plaintiff caused a writ of sequestration to issue on the 13th day of June, 1929, made returnable on or before June 29, 1929; that such writ was placed in the hands of T. A. Binford, sheriff; that Binford, acting through deputies, caused said writ to be levied upon the lot and premises described in plaintiff's petition, and that in connection with such levy the household goods and furniture of the defendants which were in a house on said lot were put out in the hot sun, which damaged the furniture to the extent of $300; that the writ was not levied upon the property until the 10th day of July, 1929, after said writ was defunct and without further force, and therefore such levy was without any legal effect; that under such circumstances the sheriff wrongfully made such levy at the time it was made.

Cross-plaintiffs further alleged:

That the deputy sheriffs were taking their household goods out of their house and placing them on the sidewalk in front of their house at the time cross-plaintiffs returned to their home, and that Mrs. Sawyer, seeing the deputies in their house and removing the furniture therefrom, became frightened and before her husband could stop his car in which they were riding she jumped out and suffered injury, all by reason of the wrongful and negligent acts of N. J. Curtis and Sheriff T. A. Binford. That by reason of her said injuries Mrs. Sawyer was forced to go to bed and was unable to carry on her business of an architect, which entailed upon her a loss of at least the sum of $500.

"That the execution and levy of said writ of sequestration was illegal and unlawful and without any warrant of law and was done maliciously, to the actual damage of the sum of Two Thousand Five Hundred Dollars; and that same was illegally and maliciously done and to the cross-plaintiffs damage as exemplary damages in the sum of Two Thousand Five Hundred dollars.

"Wherefore premises considered cross-plaintiffs pray the court that cross-defendants and each of them be cited to appear and answer herein and that upon a final hearing hereof they have judgment for their actual damages in the aforesaid sum of Three Thousand Three Hundred dollars and for their exemplary damages in the said sum of Two Thousand Five Hundred dollars, and

for costs of suit and for such other and further relief, special and general, both in law and in equity that they may show themselves justly entitled to."

Defendant Binford denied generally all and singular the allegations in the petition of cross-plaintiffs. He prayed that in the event any recovery should be against him that he have judgment over and against plaintiff N. J. Curtis and against I. Friedlander and Randon Porter, sureties on the sequestration bond executed by Curtis as principal.

Plaintiff Curtis and his bondsmen denied generally the allegations of the cross-plaintiffs.

A jury was selected and sworn to try the cause, but after all parties had introduced their respective evidence the court, upon motion of the plaintiff, instructed the jury to return their verdict for the plaintiff and for the sheriff and the sureties on the sequestration bond, and against defendants upon their cross-action. Such verdict was accordingly so returned, and judgment was rendered upon such verdict, from which defendants, Mr. and Mrs. Sawyer, have appealed.

The three assignments upon which appellants rely for a reversal of the judgment are to be found in their motion for a new trial only, which is copied into the transcript; such assignments are as follows:

First, that "the court erred in excluding from the jury the evidence attempted to be offered by these defendants to prove that no Notary Public was present to take their acknowledgments to certain instruments appearing in the abstract that was offered in evidence, to wit: to a deed of trust and also to the assignment of a certain Materialman's lien and in fact all evidence that these defendants attempted to offer to prove that all of the purported acknowledgments to all instruments offered in the evidence, were defective acknowledgments and that the same were not properly taken before a duly authorized Notary Public; same being offered and attempted to prove the same under their plea of not guilty."

Second, that "the court erred in not allowing these defendants to prove under their plea of not guilty, that they were living in the house that was in question in this suit, at the time all papers were signed and purported to be acknowledged by such Notary Public, such evidence was attempted to be offered by these defendants to show that the plaintiff herein nor any other person, or corporation acquired a good and valid lien to such property that was capable of being enforced and foreclosed upon, for the reason such property was occupied as the homestead of these defendants at the time of sign-

372

ing all papers in connection therewith; **and** further that these defendants were living in and occupying said property as their homestead before any of purported liens and papers were executed and that such liens and papers were not signed and executed by these defendants until after all the materials were placed in said building and that same were not executed in accordance with the law that would give the plaintiff or any one else a good and valid lien upon the property in question in this suit."

And, third, that "the court erred in refusing to allow these defendants to prove that the writ of sequestration in question in this cause, was issued on the 13th day of June, 1929, and was returnable to the court on the 29th day of June, A. D. 1929 and that after same should have been returned to the court, to wit, on the 10th day of July, 1930, the said Sheriff acting by and through his duly authorized Deputies Sheriff, made a levy under and by virtue of said writ of sequestration and dispossessed these defendants of their real property in question, as well as their household furniture and furnishings and that in so doing these defendants were damaged by such unlawful and illegal acts of the said Sheriff and his said Deputies."

It is apparent from the assignments that all and each of them are predicated upon alleged refusal of the trial court to permit appellants to introduce testimony with reference to defective acknowledgments in the chain of title of appellee Curtis, and with reference to an alleged execution by Sheriff Binford of the writ of sequestration after return date thereof.

None of these assignments can be considered by this court. The record does not disclose that appellants reserved any bills of exceptions to the rulings of the court complained of, if any such were made; indeed, appellants do not contend that there were, in fact, any such bills of exceptions.

Alleged errors in admitting or excluding evidence cannot be considered by an appellate court if no bills of exceptions are reserved to the ruling of the court and disclosed by the record on appeal. 3 Texas Jurisprudence, page 578, § 405; Hartford Fire Ins. Co. v. Clements (Tex. Civ. App.) 34 S. W.(2d) 355; National Guaranty Fire Ins. Co. v. King (Tex. Civ. App.) 24 S.W.(2d) 501; Martin v. Abbott (Tex. Civ. App.) 24 S.W.(2d) 488.

For the reason pointed out, the judgment is affirmed.

Affirmed.