**ULLMAN, STERN & KRAUSSE, Inc., v. COLSON et ux.**

No. 9785.

Court of Civil Appeals of Texas. Galveston.

Feb. 9, 1933.

Rehearing Denied March 30, 1933.

On Rehearing April 13, 1933.

1040

Hal B. Stoneham and T. P. Buffington, both of Navasota, for appellant.

M. L. Bennett, of Normangee, and Haynes Shannon, of Navasota, for appellees.

GRAVES, Justice.

This concededly correct statement is taken from appellants' brief:

"This suit was brought by E. N. Colson and wife, Rosa Colson, in trespass to try title against appellants for lots 3 and 4, block 35, Iola, Texas.

"Plaintiffs allege that on May 10, 1928, E. N. Colson and wife conveyed to Ullman, Stern & Krausse the property in controversy by deed; that the property was a business homestead; and that the deed was intended as a security for debt.

"Plaintiffs further set up that there was a failure of consideration for the deed.

"There were further allegations in plaintiffs' petition having reference to Mrs. Rosa Colson's acknowledgment, but the court in its final submission to the jury limited the controversy to the two questions:

"First, was the deed given as a security for debt?

"Second, if not, was there a failure of consideration?

"Plaintiffs' prayer was for a cancellation of the deed; for judgment against this defendant; for any excess paid defendants, because of the transaction being a simulated one; for judgment for an excess payment over the sum of twenty-eight hundred and fifty ($2850.00) dollars, including the value of the building, the value of the vendor's lien notes, and of the customers' notes, for costs, and for general relief.

"The defendants answered by a general demurrer, by general denial, by a plea of not guilty, by a plea of res adjudicata as to the vendor's lien notes held on lot 2, block 35, Iola, Texas, and by alleging the validity of the deed to lots 3 and 4, block 35, Iola, Texas.

"When finally submitted, as before stated, only two special issues were answered, and in these answers the jury found that the deed was not intended to convey the title to the property, and that the deed was intended as a security for debt.

"On these answers the court rendered judgment for the plaintiffs, canceling the deed, and for recovery of fifteen feet of lot 3 and fifteen feet of lot 4, in block 35, Iola, Texas."

On the appeal to this court appellants first complain of the overruling of their general demurrers to certain different specified portions only of the appellees' trial petition, but failed to show by a bill of exceptions, reference to the judgment, or otherwise, that the court overruled or acted upon either of them in any way; wherefore, nothing in respect to them is presented for review here, since in effect they only amounted to special exceptions, and no fundamental error arises on consideration of the whole pleading. 3 Tex. Jur. p. 153, and cited authorities.

Next, there are a number of complaints against the admission of the testimony of different witnesses, but no bills of exception setting out what the testimony was, or showing that the same was objected to at the time, appears in the record as to any of them; hence none of these can be considered. 3 Tex. Jur. p. 157, footnote 19.

The same condition also exists as to the presentment that there was error in permitting the attorneys for appellees to ask the witness J. T. Swanson certain questions as to what the two grocery firms were out in buying in the stock of goods, fixtures, vendor's lien and customers' notes in their transactions with Mr. Colson.

The attack upon the sufficiency of the evidence to sustain the jury's answer that the deed in evidence was intended as a mortgage cannot be sustained; on a careful examination of the statement of facts, it is the finding of this court that the evidence was clearly sufficient to sustain the verdict returned, wherefore this court is without authority to set it aside.

Upon the whole, as presented here, we conclude that this record shows no error which would justify a reversal; hence the trial court's judgment will be in all things affirmed.

Affirmed.

On Motion for Rehearing.

In its motion for rehearing appellant, after quoting certain testimony from the witnesses Earnest N. Colson and J. T. Swanson, and reciting its exception to the same, as shown by pages 9 and 102, 103 of the statement of facts, says: "The court evidently overlooked the fact that on pages 8, 9, 102 and 103 of Statement of Facts, bills of exceptions were duly reserved, and that this testimony alone caused the trial court to submit to the jury Special Issue No. 2."

On referring to this testimony, it will be found to have no bearing upon question No. 2, as shown by the Transcript, p. No. 23, to have been submitted to the jury, inquiring whether the instrument in suit was intended

as security for debt; wherefore, in any event, it was harmless. But there was other relevant testimony amply justifying the submission of that issue. Further in this connection, the statement copied in our original opinion from appellant's brief to the effect that the second question submitted by the court to the jury was whether there had been a failure of consideration for the debt is error, since the second special issue, as just above stated, was whether or not the instrument was intended as security for debt. The correction is accordingly made.

Unconvinced of error in our original disposition of the cause, the motion for rehearing has been overruled.

Overruled.