**PATTERSON et al. v. EDWARDS et al.**

**No. 11472.**

Court of Civil Appeals of Texas.
San Antonio.

Dec. 6, 1944.

Rehearing Denied Jan. 17, 1945.

C. L. Patterson and Duncan & Davis, all of Gonzales, for appellants.

Miller & Miller and Willis W. Ellison, all of Gonzales, for appellees.

NORVELL, Justice.

By deed dated June 1, 1932, J. E. Preston and wife, Margaret Preston, conveyed 1,875 acres in Gonzales County to T. G. Edwards and wife, Dunnie Edwards. The consideration for the conveyance, according to the recitals of the deed, was "ten dollars and other good and valuable considerations," and the assumption and agreement to pay off a certain indebtedness of $12,500, secured by a deed of trust against the property.

J. E. Preston, Margaret Preston and T. G. Edwards are now deceased.

Sallie Patterson (joined by her husband, C. L. Patterson) and J. L. Preston brought this suit against Dunnie Edwards, Inez Morgan and her husband, Cos Morgan.

Plaintiffs alleged that the deed of June 1, 1932, was executed in pursuance of agreement whereby T. G. Edwards would take legal title to the property, refinance and readjust the loan against the land, retire the same from the earnings and proceeds of the property, and then divide said real estate between the children of J. E. and Margaret Preston, who were, J. L. Preston, Sallie Patterson, Inez Morgan and Dunnie Edwards. Plaintiffs pleaded that the indebtedness against the property had been paid off and prayed for judgment awarding one-fourth interest each to Sallie Patterson and J. L. Preston.

The court rendered judgment for defendants upon an instructed verdict.

■ Appellants present a single point, contending that the trial court committed reversible error in a ruling upon the admissibility of evidence.

The statement of facts is very short. The deed of June 1, 1932, was introduced in evidence and Mrs. Dunnie Edwards called to the stand. The statement of facts and a bill of exceptions brought up in the transcript disclose that Mrs. Edwards testified that the recited consideration of the deed was the true consideration therefor. Appellants' attorneys then asked her the following question: "Isn't it true Mrs. Edwards, that the agreement and understanding was between all of the children of J. E. Preston and Margaret Preston that this land was deeded in trust to T. G. Edwards for the use and benefit of all of the children when the land had paid itself out?"

Objection was made to the question upon the ground that the consideration set forth in the deed was contractual in nature, and consequently the recitals of the deed relating thereto could not be contradicted by parol testimony.

The trial court sustained the objection and this ended the case. No further witnesses were called.

■ The trial court's ruling, as an abstract proposition, is supported by Small v. Brooks, Tex.Civ.App., 163 S.W.2d 236, and the authorities therein cited. Further, the statement of facts and bill of exceptions fail to disclose the reply the witness

would have given had the question been answered. From Mrs. Edwards' testimony given prior to the question objected to, it may be inferred that she would have testified that the agreement suggested by counsel was not made. The statement of facts indicates that appellants' counsel stated that he had "other testimony on the point," but the same was not offered.

Appellants' point fails to show a reversible error. 3 Tex.Jur. 470, § 331, and authorities therein cited.

The judgment appealed from is affirmed.