Irving A. YUDIN, Appellant,

v.

**BLANKENSHIP LUMBER CO., INC.,**
Appellee.

No. 6279.

Court of Civil Appeals of Texas,
El Paso.

Nov. 8, 1972.

Svanas & Svanas, George W. Svanas, Odessa, for appellant.

Noel D. Cason, Midland, for appellee.

## OPINION

WARD, Justice.

Blankenship Lumber Co., Inc. instituted this suit on a promissory note executed by the Appellant in the principal amount of $13,658.44. The defendant by properly verified answer interposed the defenses of want of consideration and failure of consideration. Upon trial before the Court without a jury, judgment was rendered in favor of the plaintiff. We affirm.

Two conflicting versions as to the circumstances surrounding the execution of the note were presented by the only two witnesses. The president of the plaintiff lumber company, Mr. B. H. Blankenship, testified that in February of 1967 the defendant was indebted to the lumber company in the amount of $45,528.12 for materials furnished for the construction of the Manor West Apartments which were located in Odessa. The defendant, as the contractor owner of the project was in financial difficulty and was being pressed with foreclosure proceedings by the holder of the temporary construction loan. From his available resources he proposed to make a cash pay-

ment of seventy per cent of the debt and execute a promissory note payable to the lumber company covering the thirty per cent balance. In turn the lumber company was to execute a release in full for all claims against the Manor West property for labor, services or materials furnished, to enable the temporary construction lien holder to release the apartments for sale and final mortgage. Based on this proposal, the note for $13,658.44 was executed and delivered to the plaintiff in February, 1967, though it was dated May 9, 1967, and the various releases were executed with the payment of $31,869.68 being made to the plaintiff on February 27, 1967.

■■■ According to the defendant, Mr. Irving Yudin, the February transaction with the plaintiff was only one of a general compromise and settlement with all creditors and secondary lien holders on the apartment and was made to avert a foreclosure by the first mortgage holder which would have been disastrous to all of the secondary creditors. He testified that the releases were in full satisfaction of all claims and no promise or note was made to the plaintiff at that time covering any balance owed. It was only in May of 1967 that a representative of the plaintiff contacted the defendant and proposed that he execute the note covering the old balance in exchange for which the plaintiff would furnish future financing on construction of houses to be built by the defendant. The note was then executed and thereafter the plaintiff failed to perform on its promise.

"Findings of fact and conclusions of law were neither requested nor filed. 'The trial court's judgment, therefore, implies all necessary fact findings in support of the judgment'. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (1951). The judgment must be affirmed if there is sufficient evidence to support it on any lawful theory, and every fact issue sufficiently raised by the evidence must be resolved in support of the judgment." Haas et al. v. Gulf Coast Natural Gas Company, 484 S.W.2d 127 (Tex.Civ.App.—Corpus Christi 1972, no writ).

If the trial Court had believed the defendant, the defense of failure of consideration was established. However, the trial Court chose to believe the plaintiff's version and whether the points raised by the defendant as to the evidence are legal insufficiency points or are factual insufficiency points, they are overruled after having been afforded the separate consideration required under the standards set out in Garza et al. v. Alviar et al., 395 S.W. 2d 821 (Tex.Sup.1965).

■■■ The trial judge, in this non jury case, was the exclusive judge of the credibility of the witnesses and of the weight to be given their testimony and he found the facts to be with the plaintiff's version and that the pre-existing debt constituted the sufficient consideration for the promissory note. 9 Tex.Jur.2d p. 110.

■ Complaint is made of the exclusion from evidence of a statement prepared by W. B. Stowe relating to the disbursement of the loan funds to all creditors showing that each claimant except two had received the same percentage settlement of their claims as did the plaintiff and which would indicate a complete settlement of the matter in February, 1967. The defendant exhibited a lack of knowledge of the details of the arrangement such as justified the trial Court in excluding the hearsay statement and no effort was made to satisfy the primary requirements contained in Article 3737e, Vernon's Ann.Tex.Civ.St., permitting the statement's admissibility under the terms of that act.

■ Complaint is also made that the trial Court prohibited the redirect examination of the defendant, and before the defendant had rested. While there was a somewhat abrupt termination to the case, no objection was made thereto and like the complained of list under the previous point, the excluded evidence does not appear in the statement of facts nor by a bill of excep-

tion. As to the exclusion of evidence, we have nothing to review. Gulf Paving Co. v. Lofstedt et al., 144 Tex. 17, 188 S.W.2d 155 (1945).

The judgment of the trial Court is affirmed.