**Jo Ann PHILLIPS, Appellant,**

**v.**

**W. Lester PHILLIPS, Appellee.**

**Nos. 15313, 15314.**

Court of Civil Appeals of Texas, San Antonio.

July 3, 1974.

Rehearing Denied July 3, 1974.

Gil K. Phares, Phares, Phares & Bass, Port Arthur, for appellant.

Coke R. Stevenson, Junction, for appellee.

KLINGEMAN, Justice.

This is an appeal from two orders of the Probate Court of Kimble County in Cause Nos. 1120 and 1121, denying the application of Jo Ann Phillips to be appointed guardian of the estates of her two minor children, Rodney Kent Phillips and Dana Denise Phillips, and approving the application of W. Lester Phillips, the grandfather of such minor children, to be appointed guardian of the respective estates. After the application of W. Lester Phillips was filed, Jo Ann filed a contest to such appointment and requested that she be appointed guardian of such children. The two cases were consolidated and are consolidated for the purpose of this appeal.

Appellant's husband, Robert H. Phillips died intestate on February 12, 1973, leaving surviving him a wife, Jo Ann, and two children, Rodney Kent and Dana Denise. Appellant was appointed administratrix of her husband's estate on the 13th day of March, 1973, in the Probate Court of Kimble County, Texas. An inventory and ap-

praisement was filed by such administratrix in May, 1973, in which she lists, as separate property of the decedent, an undivided one-half interest in a tract of 5,790.-03 acres in Sutton, Real and Edwards Counties, Texas, and certain personal property. The 5,790.03 acre tract was conveyed to Robert H. Phillips and his brother, William T. B. Phillips, by two deeds of gifts from their father and mother, William Lester Phillips and Mary Irene Phillips. This inventory was duly sworn to by Jo Ann Phillips and was approved by the Probate Court. Thereafter, appellant filed an amended inventory in which she recites that there is no separate property of the decedent and lists the ranch and all other property as a part of the community property of the decedent. This inventory is also sworn to by the said Jo Ann Phillips.

Appellant asserts two points of error: (1) the court erred in its amended order appointing appellee as guardian by finding that all real property contained in the original inventory filed by appellant, with the exception of the homestead, was conclusively separate property since such finding is beyond the power of the court; (2) the court erred in rendering a decision on the qualifications of appellant to serve as guardian without having allowed appellant to present all competent evidence.

Appellant correctly asserts that the surviving parent is first entitled to be appointed guardian of the estate of any minor children. Section 109(a), Texas Probate Code, V.A.T.S. (1956). Appellant concedes, however, that a guardian should be disqualified pursuant to Section 110, Texas Probate Code, if such applicant for guardian asserts a claim adverse to that of the wards. Section 110(e) expressly provides that any person asserting any claim to any property, real or personal, adverse to the persons for whom, or for whose estate the appointment is sought shall be disqualified to serve as guardian.[1]

1. Section 110. "Persons Disqualified To Serve As Guardians

The following persons shall not be appointed guardians: . . . (e) Those . . . who are asserting any claim to any property, real or personal, adverse to the person for whom, or for whose estate, the appointment is sought."

As hereinbefore noted, appellant, as administratrix of the estate of her deceased husband, Robert Phillips, first filed an inventory and appraisement in such estate listing the interest of the decedent in the 5,790.03 acres as his separate property and also listed certain personal property as separate property, and thereafter filed an amended inventory in said estate asserting that the decedent owned no separate property. There was also other evidence heard at the trial that appellee was asserting claims adverse to the minors. She testified during the trial that she had filed an estate tax return in the estate of her deceased husband, in which she listed all the property as community property. She acknowledged that she had filed an inventory in the estate of her husband which showed that the minors had an interest in the estate, both real and personal, and that she later contended that all the property is community property and conceded this would decrease the interest of the minors in the estate. The deeds of conveyance by the father and mother of Robert and his brother to the ranch state the consideration is the natural love that they have for their sons, and that such conveyances are deeds of gifts. The deeds, however, contain an assumption of the unpaid balance of a Federal land bank indebtedness. This alone would not change the status of the property as separate or community, as the status is fixed at the inception of the conveyance.[2] However, it could give the basis for a claim for reimbursement by the community against the separate property. Claims against an estate of the minors are filed with the guardian; and, if appellant was appointed guardian and such a claim filed, she would be passing on her own claim. See Section 298, 309, Texas Probate Code.

Penny v. Hampton, 283 S.W. 599 (Tex. Civ.App.—Texarkana 1926, no writ), was a guardianship of minor children where both an uncle and a grandfather were contesting the right to be appointed guardians and involved the proceeds of an insurance policy of the deceased father of such minors. The court said, that under the statutes, the grandfather was given a preference to be appointed and had an absolute right to be appointed guardian of his orphaned grandchildren as against an uncle not of blood kin; that such right cannot be taken away from the grandfather unless he is disqualified; that the sole question to be determined in such case was whether or not the grandfather was disqualified upon grounds of conflict of financial interests with those of the minors. The court, in affirming the appointment of the uncle, said that since the grandmother was claiming the benefits of such insurance policy that the claim of the grandmother in legal effect would disqualify the grandfather from appointment as guardian. The court further said it would involve a proceeding or action of some character to determine the justness of the claim of appellant's (grandfather's) wife and of the minors to the insurance, and during the time of the dependency of the controversy, the appellant would be and continue in the position of one holding a conflict of interest with those of the minors, and not as one with absolute freedom of legal duties towards the minors.

In McAllen v. Wood, 201 S.W. 433 (Tex.Civ.App.—San Antonio 1918, writ ref'd), the court, in upholding an appointment of a person named Wood as guardian of four minor children as against the

2. Section 5.01, Texas Family Code, V.T.C.A. (1969) : "A spouse's separate property consists of: . . . (2) the property acquired by the spouse during marriage by gift, devise, or descent; . . . " It is settled that property acquired during marriage takes its status as separate or community property at the time of its acquisition, and that such status is fixed by the facts or circumstances by its acquisition at that time. Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777 (1952) ; Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529 (1940) ; Orr v. Pope, 400 S.W.2d 614 (Tex. Civ.App.—Amarillo 1966, no writ). In Orr v. Pope, supra, the court said: "By both the devise in W. L. Pope, Sr.'s will and the warranty deed of July 10, 1945, W. L. Pope, Jr., the devisee and grantee, assumed and obligated himself to pay the proportionate share of the indebtedness owed on Section 140. This does not in itself change the status of the property from separate to community."

mother of the children, stated that since the mother was claiming title to all of the estate under instruments which were executed under circumstances raising a question as to their effect and validity, the interest of the minors could only be adequately protected by having them represented by a disinterested person who would have the validity of such instruments tested in a court of competent jurisdiction.

A recent case by this Court, Dobrowolski v. Wyman, 397 S.W.2d 930 (Tex.Civ.App. —San Antonio 1965, no writ), is directly in point. In this case, the husband had been appointed guardian of the estate of his wife Eulaya E. Dobrowolski, an incompetent. The daughter of Mrs. Dobrowolski by a former marriage sought to have the husband removed and herself appointed as the guardian on the grounds that the husband was disqualified under the provisions of Section 110(e) of the Texas Probate Code. The trial court removed the husband and appointed the daughter. This court, in affirming, stated:

"It is quite clear that it is going to take a complete accounting to determine what funds belong to the separate estate of the spouses and what is community property. By commingling her separate estate with the income therefrom, Mrs. Dobrowolski has in her separate account funds that constitute 'special community.' Mr. Dobrowolski says that he only wants what the law gives him, but to apply this to the involved situation we have, is going to be a somewhat difficult undertaking. Mrs. Dobrowolski is now incompetent and cannot represent herself in these matters; she will have to be represented by a guardian. Her husband is not in a position to represent her as there is a conflict of interest, and therefore he is disqualified under the provisions of Sec. 110(e), Texas Probate Code, to act as her guardian." 397 S.W. 2d 930 at 932.

The court correctly denied the application of appellant to be appointed guardian of the estate of such minor children. Appellant does not assert that appellee is not a proper person to act as guardian of such minor children, or that he is disqualified. Under the record, appellee was properly appointed as guardian of the estate of such minor children.

We next consider appellant's point of error that the trial court erred in rendering a decision on the qualification of appellant to serve as guardian without having allowed her to present all competent evidence.

After appellee had presented his evidence, his attorney announced to the court that they rested. The attorney for appellant at this point moved the court to grant her application to be appointed guardian, and after attorneys for both appellant and appellee had presented arguments to the court, this colloquy occurred:

"MR. PHARES: . . . Now, Your Honor, I move again, and cutting out . . . all the folderol of this hearing, that Mrs. Phillips be allowed to become guardian of the person and the estate, under your jurisdiction, of her two children. I so move.

THE COURT: Your motion is denied. I am willing to—at this time to let the application of W. Lester Phillips for guardianship be granted of the two children.

MR. PHARES: Well, Your Honor, you are making a decision before I have a chance to put on my evidence. I was merely moving the Court at the end of their evidence.

THE COURT: All right, I thought you had rested.

MR. PHARES: No, I had not rested.

THE COURT: All right. Your motion is denied, then we will stop at that point.[3]

3. It is clear at this time that all the court had done was to deny appellant's motion. Nevertheless, appellant did not make any effort to proceed further but expressly stated that he would not proceed further and gave notice of appeal.

MR. PHARES: But if this is the Court's decision, and if this is the Court's ruling, then there is no need for me to go further at this time, and I will give notice of appeal to the District Court at this time.

THE COURT: All right, let it so be ordered that as far as counsel is concerned, the guardianship will be issued to Mr. Phillips.

MR. PHARES: Okay."

■ At this time, attorney for appellant made no objection or exception, did not offer to put on any witnesses or any other evidence; and took no bill of exceptions or made any attempt to. In addition to giving notice of appeal, appellant made no effort to proceed or go forward in any manner. There is nothing in the record as to what evidence appellant intended to present and there is nothing to show what the excluded testimony, if any, would have been. Any alleged error in excluding testimony cannot be considered on appeal in the absence of a bill of exception showing the objection thereto and disclosing what the excluded testimony would have been. Rule 372, Texas Rules of Civil Procedure.[4] J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698 (1940); Yudin v. Blankenship Lumber Co., 488 S.W.2d 148 (Tex.Civ.App.—El Paso 1972, no writ); McRoy v. Riverlake Country Club, Inc., 426 S.W.2d 299 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); City of Kingsville v. Rivas, 355 S.W.2d 813 (Tex.Civ. App.—San Antonio 1962, no writ); Patterson v. Edwards, 184 S.W.2d 705 (Tex. Civ.App.—San Antonio 1944, no writ); Ullman, Stern and Krausse v. Colson, 58 S.W.2d 1039 (Tex.Civ.App.—Galveston 1933, writ dism'd); Sawyer v. Curtis, 46 S.W.2d 370 (Tex.Civ.App.—Galveston 1932, writ ref'd).

Under the record, appellant's second point of error is without merit and is overruled.

■ Appellant also complains that the trial court erred in finding that all the real property contained in the original inventory filed by appellant was conclusively separate property as such finding is beyond the power of the court. Although appellee asserts that under a recent constitutional amendment the Probate Court has power to hear and pass on actions for trial of titles to land incident to an estate, (See S.J. R. No. 26, adopted by the voters of Texas on November 6, 1973; Article 5, Section 8, Vernon's Ann.Texas St.Constitution as amended November 6, 1973), we see no point in any adjudication of title in the judgment before us, or any determination of property rights between the parties to such lawsuit. The proceedings before the trial court were simply applications to be appointed guardian of the estate of two minor children. Appellee did not seek or ask for any adjudication of title in such guardianship. The applicable provisions of the Probate Code with regard to disqualifications of persons to be guardians states that a person shall not be appointed guardian who is asserting any claim to any property, real or personal, adverse to the person for whom or for whose estate the appointment is sought. There is ample evidence in the record that appellant was asserting an interest in property adverse to the interest of minors for whom she sought to be appointed guardian. That is all that is necessary.

The judgment of the trial court is reformed so as to eliminate therefrom any adjudication as to property, and as so reformed, the judgment is affirmed. Nothing in this opinion shall be construed as preventing appellant from asserting any title or claim in and to the property involved if she desires to do so, and is without prejudice to the rights of appellant to assert any title or claim she may have in and to the property involved, in any court of competent jurisdiction.

4. Rule 372 states in part: If either party during the progress of a cause, is dissatisfied with any ruling, opinion, or other action of the court, he may except thereto at the time the said ruling is made, or announced or such action taken, and at his request time shall be given to embody such exception in a written bill.