

# The Attorney General of Texas

November 14, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth. Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Bruce Hineman
Executive Secretary
Teacher Retirement System of Texas
1001 Trinity Street
Austin, Texas    78701

Opinion No. JM-230

Re: Whether the Teacher Retirement System may pay benefits on behalf of a minor child to a managing conservator who is not the child's parent

Dear Mr. Hineman:

You ask (1) whether a non-parent managing conservator of a minor child is authorized to receive and give receipt for Texas Retirement System [hereinafter TRS] survivor benefits on behalf of the minor, and (2) whether the non-parent managing conservator is authorized to elect among benefits payable to the minor.

Controversies over the powers of a managing conservator, either parent or non-parent, arose initially because guardianship of the person and guardianship of the estate are distinct positions. See Prob. Code §184(c). Texas probate law requires that a court appoint a guardian of a minor's estate. See Prob. Code §109(a); see also Phillips v. Phillips, 511 S.W.2d 748 (Tex. Civ. App. - San Antonio 1974, no writ); Silber v. Southern National Life Insurance Company, 326 S.W.2d 715 (Tex. Civ. App. - San Antonio 1959, writ ref'd). Although a child's parent is the natural guardian of the person of the minor, the law traditionally limited even a parent to an entitlement to be appointed guardian of his child's estate; he had no absolute right to act. Silber, 326 S.W.2d at 717. Consequently, Attorney General Opinion H-85 (1973) concluded that the State Employees Retirement System may not pay benefits due minors to anyone except a person appointed by a court to receive the benefit payments. See Prob. Code §109 (guardian of estate); §228 (guardian appointed specifically to receive government funds).

Several years later, Attorney General Opinion H-1214 (1978) determined that section 12.04 of the Family Code, first effective in 1974, authorized parents to receive and give receipt for benefit payments due their minor child from the Employees Retirement System without the necessity of a formal guardianship. Attorney General Opinion H-1214 construed two subsections of section 12.04 of the code

as limited exceptions to the general rule followed in Attorney General Opinion H-85. At that time, two subsections provided as follows:

> [T]he parent of a child has the following rights, privileges, duties, and powers:
>
> . . . .
>
> (4) <u>the duty to manage the estate of the child, except when a guardian of the estate has been appointed</u>;
>
> . . . .
>
> (8) the power to receive and give receipt for payments for the support of the child and to hold or disburse <u>any funds</u> for the benefit of the child. . . . (Emphasis added).

<u>Cf.</u> Acts 1983, 68th Leg., ch. 1016 at 5436 (subsection (4) amended).

Section 14.02(b) of the Family Code has no direct corollary to the parents' duty in section 12.04(4) to manage the minor's estate. As recently amended, however, subsection (6) of section 14.02(b) clearly brings some powers over a minor's estate within a non-parent managing conservator's authority:

> the power to represent the child in legal action and to make other decisions of substantial legal significance concerning the child <u>including, except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, a power as an agent of the child to act in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government</u>. . . . (Emphasis added).

Acts 1983, 68th Leg., ch. 1016, at 5437. V.T.C.S. Tex. Fam. Code Ann. §14.02(b)(6). (The emphasized language also amended the parents' <u>estate</u> power provision, section 12.04(4).)

Although subsection (6) of section 14.02(b) does not create as comprehensive a power to manage a minor's estate as the power held by parents, it does authorize action in relation to the child's estate when action is required by a governmental entity and when a court has not appointed a guardian authorized to receive such payments. The TRS "requires" that an authorized person receive payments to avoid the danger of incurring double liability. Thus, in response to your first

question, we conclude that section 14.02(b), as amended, encompasses authorization for a non-parent managing conservator to receive and give receipt for government benefit payments such as TRS survivor benefits unless and until a formal guardianship exists.

Because election among benefits is an incident of receiving such benefits, we also answer your second question affirmatively. Although section 34.404(d) of Title 110B, Public Retirement Systems, refers to election of benefits for minors by "their guardian," section 14.02(b)(6) of the Family Code necessarily authorizes a non-parent managing conservator to elect among available benefits. As indicated at the onset of this discussion, the general term "guardian" can apply to distinct positions; thus, section 34.404 may not have been intended to require election of benefits by a court-appointed guardian. Nevertheless, even if the provision requires election by a formal guardian, section 14.02(b)(6), as amended, grants non-parent managing conservators the limited "guardian" power necessary to elect among TRS survivor benefits so long as no formal guardianship exists. See Attorney General Opinion H-1214.

### S U M M A R Y

Section 14.02(b)(6) of the Texas Family Code authorizes the non-parent managing conservator of a minor child (1) to receive and give receipt for Texas Retirement System survivor benefits on behalf of the minor, and (2) to elect among the benefit options available to the minor so long as no guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

p. 1035

Prepared by Jennifer Riggs
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton