William DOBROWOLSKI, Jr., Appellant,

v.

Rae Sanders WYMAN, Appellee.

No. 14426.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 8, 1965.

Rehearing Denied Jan. 5, 1966.

**931**

------◆------

W. Pat Camp, Richard Tinsman, San Antonio, for appellant.

Pat Maloney, San Antonio, for appellee.

MURRAY, Chief Justice.

William Dobrowolski, Jr., was appointed guardian of the person and estate of his wife, Eulalya Ewen Dobrowolski, and duly qualified as such. Mr. Dobrowolski has a son by a former marriage, and Mrs. Dobrowolski has a daughter by a former marriage, Rae Sanders Wyman, appellee herein, who sought to have William Dobrowolski, Jr., removed as guardian of his wife, Eulalya, and have herself appointed on the ground that he was disqualified under the provisions of Sec. 110(e) of the Probate Code, V.A.T.S., providing in effect that a person is disqualified to act as guardian who is asserting any claim to any property adverse to the person for whom the appointment is sought. The County Court agreed with Mrs. Wyman and removed William Dobrowolski, Jr., as his wife's guardian, and appointed Mrs. Wyman as such. An appeal was taken from this order of the 45th District Court of Bexar County, where the order of the County Court was upheld, and William Dobrowolski, Jr., has prosecuted this appeal from that judgment.

Mr. and Mrs. Dobrowolski have been married for some seventeen years. Each of them had previous marriages, and each had one child by a previous marriage, but none by their present marriage. Each spouse had separate property when they were married. Mrs. Dobrowolski managed her separate estate and reinvested the income from that estate. There was one account in the National Bank of Fort Sam Houston, Texas, which could be checked upon only by Mrs. Dobrowolski and her daughter, Rae Sanders Wyman. There was another account in the National Bank of Fort Sam Houston which could be checked on by both the husband and wife. Appellant called this account an operating account. Both spouses were supposed to put their income in this account, but appellant said his wife put only a small portion of her separate income in this account. There was an account in the Broadway National Bank which could only be checked on by appellant.

On July 4, 1964, Mrs. Dobrowolski gave her daughter, appellee herein, a blank signed check, which appellee filled in for the sum of $6,000.00, and deposited this money in an account subject only to appellee's signature. Mrs. Dobrowolski went to the hospital on July 5, 1964, and has been there ever since, and, according to the doctor, there is little hope of any improvement.

In another proceeding, appellee has been enjoined from using any of the proceeds of this $6,000.00 check for her own use, but before the temporary injunction was issued, she had already spent $720.00 on herself out of this fund.

Mr. and Mrs. Dobrowolski own a home in San Antonio. Mr. Dobrowolski executed a deed conveying this home to Mrs. Dobrowolski, but he testified that he has an equity in it, because since he executed the deed a great deal of their community funds have been spent in improving the home.

After Mr. Dobrowolski learned that his wife had given her daughter a check on their community funds for $6,000.00, he drew the rest of the money out of their joint account and placed it in an account subject only to his and his son's signature.

■ It is quite clear that under the law, Art. 4616 and Art. 4619, Vernon's Ann. Civ.Stats., and Art. 16, § 15, Tex.Const., Vernon's Ann.St., a wife has a right to

**932**

manage and control her separate property and collect the rents, revenues and income from such separate estate. She also has a right to manage and control such income, but the income becomes "special community" and must ultimately be accounted for as such. U. S. Fidelity & Guaranty Co. v. Milk Producers Ass'n. of San Antonio, Tex.Civ.App., 383 S.W.2d 181.

 It is quite clear that it is going to take a complete accounting to determine what funds belong to the separate estate of the spouses and what is community property. By commingling her separate estate with the income therefrom, Mrs. Dobrowolski has in her separate account funds that constitute "special community." Mr. Dobrowolski says that he only wants what the law gives him, but to apply this to the involved situation we have, is going to be a somewhat difficult undertaking. Mrs. Dobrowolski is now incompetent and cannot represent herself in these matters; she will have to be represented by a guardian. Her husband is not in a position to represent her as there is a conflict of interest, and therefore he is disqualified under the provisions of Sec. 110(e), Texas Probate Code, to act as her guardian.

 Appellant contends that this is only a guardianship proceeding and not a final accounting between himself and his wife, but before a guardian can take over and manage a ward's separate estate, the guardian will need to know of just what that estate consists. Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620. The trial court properly held that Mr. Dobrowolski is disqualified to act as guardian of his wife's separate estate, and we find no reason for setting aside such holding.

 Mr. Dobrowolski contends that if he is disqualified to act as guardian of his wife's estate, then appellee is also disqualified to do so, because the evidence shows that she owes Mrs. Dobrowolski's estate $720.00. Sec. 110(e) Texas Probate Code. Appellee contends that this sum was a gift

to her from her mother, and that she is not indebted to her mother's separate estate. From the record before us, we are unable to say that the trial court erred in holding that Rae Sanders Wyman is qualified to serve as guardian of the estate of her mother.

The judgment is affirmed.