**In the Matter of the GUARDIANSHIP OF Terre Lynn HENSON, Brian Keith Henson, and Jared Ashley Henson, minors.**

No. 1148.

Court of Civil Appeals of Texas, Corpus Christi.

April 28, 1977.

Rehearing Denied June 2, 1977.

O. F. Jones, Victoria, for appellant.

Kemper Williams, Jr., Cullen, Carsner & Williams, Patrick A. Cullen, Cullen, Carsner & Williams, W. W. Kilgore, Kilgore, Cole, Seerden & McManus, Victoria, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from an order of the district court of DeWitt County, Texas, that denied Daniel Henson's application to be appointed guardian of three minor siblings, Terre Lynn Henson, Brian Keith Henson and Jared Ashley Henson; and that granted Patricia Gonzales' application to be appointed guardian and managing conservator of those children.

Mrs. Gonzales, a sister of the deceased mother of the minors and temporary guardian of the persons of said minors, filed her application to be appointed permanent guardian of the minors' persons and/or managing conservator of the minors. Daniel Henson, a brother of the minors' deceased father, filed a contest to the application asserting that since he had been named in the will of the minors' deceased father as their guardian he was entitled to be appointed permanent guardian of their persons.

Minnie Henson, the children's paternal grandmother, intervened seeking to be appointed permanent guardian of the children's persons in the event that Daniel Henson was not so appointed. Prior to trial, Terre Lynn Henson, who was 14 years old at the time, executed a selection of guardian wherein she named Mrs. Gonzales as her choice to be guardian of her person, subject to the court's approval.

Trial was to a jury, which found: (1) that the best interests of both Brian and Jared would be served by the appointment of applicant Patricia Gonzales as the permanent guardian of their persons; (2) and (3)

that neither Daniel Henson nor Minnie Henson were asserting any claim to any property adverse to the minors; and (4) that the best interests of both Brian and Jared would be served by the appointment of applicant Patricia Gonzales as managing conservator of the two children. The trial court disregarded the jury's answers to special issues 2 and 3 and found that as a matter of law, the contestant Daniel Henson was disqualified from serving as guardian of the children's persons. Judgment was rendered appointing Patricia Gonzales permanent guardian of the persons and managing conservator of the children. Victoria National Bank of Victoria, Texas, was appointed guardian of the estates of the children. Respondent Daniel Henson alone has perfected an appeal.

On December 27, 1973, Jesse and Laurie Henson, the parents of the three children, were involved in a shooting altercation which resulted in the death of both parents. Laurie Henson died intestate and prior to her husband. Jesse Henson, however, died testate leaving his estate to his children and appointing Daniel Henson independent executor of his estate and guardian of his children.

Prior to his death, Jesse Henson purchased the El Camillo Restaurant in Cuero, Texas, with his mother, Minnie Henson, and his brother, Daniel. An oral partnership agreement was entered into between the parties whereby each owned one-third of the property and business. The purchase price, however, was paid in unequal shares; Minnie Henson contributing 80%, Daniel Henson 10–15% and Jesse Henson, the remainder. All parties contributed to the day to day operations of the restaurant. Upon Jesse Henson's death, his interest passed to his children.

■ We will consider first appellant's point 3. There he complains that the trial court erred in holding that appellant is disqualified from serving as guardian because there are no pleadings to that effect. The record reflects that on this appeal is the first time appellant has objected to appellee's pleadings. During the trial, no objections were made to the evidence on the ground that it was not supported by the pleadings. We hold, therefore, that appellant has waived any requirement that appellee's pleadings contain a statement that appellant is disqualified to serve as guardian because he held adverse interests to the children and that this issue was tried by implied consent of the parties. *Koenning v. Manco Corporation,* 521 S.W.2d 691 (Tex. Civ.App.—Corpus Christi 1975, writ ref'd n.r.e., 531 S.W.2d 805); *Willeford v. Walker,* 499 S.W.2d 190 (Tex.Civ.App.—Corpus Christi 1973, no writ). Appellant's point 3 is overruled.

■ Appellant further complains, in his points 1 and 2, of the decision to disqualify him as guardian by asserting error in the court's decision to disregard special issue 2. It is appellant's theory that special issue 2, coupled with Jesse Henson's declaration in his will that Daniel Henson serve as guardian of the children, required the court to appoint Daniel Henson guardian. Although we agree with appellant's theory that a person qualified is entitled to be appointed guardian if so named in a will, we do not find the court in error, as we will demonstrate. Tex.Prob.Code Ann. § 117 (1956) provides as follows:

"The surviving parent of a minor may, by will or written declaration, appoint any qualified person to be guardian of the person of his or her children after the death of such parent; and, *if not disqualified,* such person shall also be entitled to be appointed guardian of their estate after the death of such parent, upon compliance with the provisions of this Code. . . ." (Emphasis supplied.)

Court interpretations of statutes similar to Section 117 indicates that a person designated by will as the parents' choice for guardian is entitled to appointment unless disqualified. See 67 A.L.R.2d p. 813, et seq. (1959).

Tex.Prob. Code Ann. § 110 (Supp.1976), however, provides seven means of disqualifying persons who propose to serve as guardians. Specifically, our case involves subsection (e) of Section 110 and provides:

"The following persons shall not be appointed guardians:

(e) Those who are *indebted to the person* for whom or for whose estate a guardian is to be appointed, unless they pay the debt prior to the appointment, or who are *asserting any claim* to any property, real or personal, *adverse* to the person for whom, or for whose estate, the appointment is sought." (Emphasis supplied.)

This language has been interpreted to exclude as guardians those who might have a "conflict of interest" with the wards. *Dobrowolski v. Wyman*, 397 S.W.2d 930 (Tex. Civ.App.—San Antonio 1965, no writ), and to limit appointment to those possessed of "disinterestedness from obligations antagonistic to, or conflicting with, financial interests of the minor." *Penny v. Hampton*, 283 S.W. 599 (Tex.Civ.App.—Texarkana 1926, no writ).

All of which brings us to the question of whether, under the facts of our case, the appellant was disqualified to be appointed guardian of the minors. The key to this question depends upon whether the trial judge was correct in his action of disregarding the jury's finding in special issue 2. In this issue, as we have noted, the jury answered in the negative whether the appellant was asserting any claim adverse to the minors.

■ Where there is no evidence to support a jury finding, the trial court may disregard the finding. On appeal, the decision to disregard the jury finding may be approved if there is no evidence of probative force upon which the jury could have based their verdict. *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547 (1962); *Villarreal v. Boggus Motor Company*, 471 S.W.2d 615 (Tex.Civ.App.—Corpus Christi 1971, writ

ref'd n.r.e.). In determining this question, we must consider only that testimony which supports the jury's answers and disregard all evidence contrary thereto. *Le Master v. Fort Worth Transit Co.*, 138 Tex. 512, 160 S.W.2d 224 (1942); *Villarreal v. Boggus Motor Company, supra.*

■ As pointed out above, appellant Daniel Henson, Minnie Henson and Jesse Henson owned equal shares (⅓) in a restaurant partnership. Jesse Henson's interest in this business passed to his children by will when he died. Additionally, there will be a necessity for an accounting by appellant Daniel Henson and Minnie Henson to the children covering all the months since the death of Jesse Henson. This is so because during the time since Jesse's death, those two surviving partners have been drawing on the partnership account and the children have not. We believe that this undisputed evidence establishes as a matter of law that appellant does own interests which are adverse to the children and is indebted to them. He is thus disqualified from serving as guardian. *Phillips v. Phillips*, 511 S.W.2d 748 (Tex.Civ.App.—San Antonio 1974, no writ); *Dobrowolski v. Wyman, supra; Penny v. Hampton, supra.*

■ Further, it is the opinion of this Court that guardianship of the person is simply a managing conservatorship. Tex. Prob. Code Ann. § 229 (1956) entitled a guardian to the "charge and control of the person of the ward" and the "care of his support and education." *McCaffity v. Ramsey*, 274 S.W.2d 194 (Tex.Civ.App.— Dallas 1954, writ ref'd n.r.e.). Similarly, Tex.Family Code Ann. § 14.02(b) (1975) defines rights, privileges, duties, and powers of a nonparent managing conservator to include the following:

"(1) the right to have physical possession of the child and to establish its legal domicile;

(2) the duty of care, control, protection, moral and religious training, and reasonable discipline of the child;

**140**

(3) the duty to provide the child with clothing, food, shelter, and education; . . . ."

Section 14.07(a) of the Family Code provides that the primary concern in determining the question of managing conservatorship is the best interest of the child. Further, in such a proceeding, the trial court has broad discretion in determining what is in the best interest of the child and its judgment will not be disturbed unless there is a clear abuse of discretion. *Wilkinson v. Evans,* 515 S.W.2d 734 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.); *Erwin v. Erwin,* 505 S.W.2d 370 (Tex.Civ.App.—Houston [14th Dist.] 1974, no writ).

 Judy Blackwell, a court appointed investigator, testified that because of Mrs. Gonzales' age (24), because she was the sister of the deceased mother, and because her home was of adequate size; that in her opinion, the children should be placed with Mrs. Gonzales. Patricia Gonzales, and her husband, Roy, each testified that they desired that the children be placed with them. The record further reveals that the Gonzaleses were capable of supporting the children. Additionally, Terre Lynn Henson has filed a written preference that she remain with Patricia Gonzales. On the basis of this evidence, we can find no clear abuse of discretion by the trial court in awarding the guardianship of the persons of these children to Patricia Gonzales. Appellant's points 1 and 2 are overruled.

Appellant's final contention, point 4, is that there is no jurisdiction to appoint a managing conservator for children who are without parents or a guardian. We do not agree. Although Tex.Family Code Ann. § 11.09(a)(5) (1975) speaks to the need to serve guardians with citations in a suit affecting the parent-child relationship, and that venue thereof is established by the county of residence of the guardian in § 11.-04(c)(2) of the Family Code, it is not mandatory that such a person exist. The Code, in

fact, in reference to guardians in each instance says "if any" or "if". Further, we note that Patricia Gonzales had been appointed temporary guardian of the children before the time of trial. Therefore, in effect, a parent-child relationship was in existence. Appellant's point 4 is overruled.

The judgment of the trial court is AFFIRMED.