

# The Attorney General of Texas

July 24, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joseph N. Murphy, Jr.
Employees Retirement System of Texas
18th & San Jacinto Streets
Austin, Texas 78711

Opinion No. H-1214

Re: Distribution of funds to minor children by the Employees Retirement System.

Dear Mr. Murphy:

You inform us that the Employees Retirement System administers several programs which require payments to minor children as beneficiaries or descendants of members. See V.T.C.S. art. 6228a, §§ 5, 5-1; art. 6228b, §§ 2, 6; art. 6228f, § 3. You wish to know whether you may distribute these funds to the natural parents of the minors without requiring that a guardianship be established.

In the past, you have made payments only to the guardian of the minor's estate. In Attorney General Opinion H-85 (1973) we informed you that retirement system benefits due minors must be paid to a court-appointed guardian of the minor's estate or a guardian appointed to receive governmental funds. Section 109(a) of the Probate Code provides that the surviving parent is the natural guardian of the minor's person and is entitled to be appointed guardian of his estate. Section 228 of the Probate Code concerns the duties of a guardian appointed to receive funds from a governmental agency for his ward.

As you point out, section 12.04 of the Family Code, which became effective on January 1, 1974, provides in part:

> Except as otherwise provided by judicial order or by an affidavit or relinquishment of parental rights ... the parent of a child has the following rights, privileges, duties, and powers:
>
> . . . .
>
> (4) the duty to manage the estate of the child, except when a guardian of the estate has been appointed;

. . . .

> (8)  the power to receive and give receipt for payments for the support of the child and to hold or disburse any funds for the benefit of the child. . . .

(Emphasis added).  In our opinion, under section 12.04(4) of the Family Code, the parent of a minor ordinarily has the powers of a guardian of the estate without the need for court appointment.  See 2 Texas Family Law, Speer's 5th Edition, § 13.23.  The underlined proviso was added in 1975.  Acts 1975, 64th Leg., ch. 476, § 23, at 1260.  We believe this proviso makes clear how section 12.04(4) of the Family Code is to be harmonized with section 109 of the Probate Code.  Section 12.04(4) refers to the duties of a guardian of the estate, which belong to the parent unless a court reallocates them to a guardian of the estate under Probate Code provisions.  Cf. Guardianship of Henson, 551 S.W.2d 136 (Tex. Civ. App. — Corpus Christi 1977, writ ref'd n.r.e.) (guardianship of person under Probate Code equated with managing conservatorship under Family Code).

Section 12.04(8) of the Family Code is based on section 228 of the Probate Code and is designed to facilitate public or private support of a child.  E. L. Smith, Family Code Symposium:  Commentary on Title 2, 5 Texas Tech. L. Rev. 389, 417 (1974); 5 Texas Family Law, Speer's 5th Edition, 299, 300 (commentary by L. Simpkins).  In our opinion, section 12.04(8) of the Family Code gives the parent of a minor authority to receive funds from a governmental agency on behalf of his child without the need to establish a formal guardianship.  See 2 Texas Family Law, Speer's 5th Edition, §§ 13.27, 13.29.  The parent of a minor may therefore receive Retirement System funds for his child, including monthly payments provided under article 6228f, V.T.C.S., to the surviving minor children of law enforcement officers killed in the performance of duties.  Although section 3 of article 6228f provides that the money shall be paid "to the duly appointed or qualified guardian or other legal representative of each minor child," we believe that section 12.04(4) of the Family Code now gives the surviving parent authority to act as guardian of the estate in the absence of a court-appointed guardian.  See also Family Code § 12.04(7).

In individual cases a judicial order may have reallocated the parental rights and duties set out in section 12.04 so that a person other than the parent should receive retirement system benefits for the child.  See Family Code §§ 12.04, 14.02, 14.04.  As a general rule, however, the Retirement System may disburse benefits to the minor's parent without the establishment of a formal guardianship.

## S U M M A R Y

> Payments made by the Retirement System for the benefit of a minor child may be made to the parent under section 12.04(4) and (8) of the Family Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn