James E. BREWER and Susan Brewer, Appellants,

v.

Manuel C. MENDEZ, Sr., Appellee.

No. 20626.

Court of Civil Appeals of Texas, Dallas.

June 5, 1981.

Rehearing Denied July 14, 1981.

Jeffie J. Massey, Dallas, for appellants.

Victoria F. Welcome, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

AKIN, Justice.

In this suit for termination of parental rights, the sole question on appeal is whether the juvenile judge abused his discretion in striking the intervention of the Brewers, who had served as foster parents. This question depends on whether the motion to strike of the appellee Mendez, the natural father, stated sufficient cause and on whether the Brewers themselves could have sued. In this respect, Mendez asserted among other grounds, that intervenors lacked standing. We hold that Mendez's motion to strike failed to state sufficient cause to strike and that the Brewers had standing to intervene under Tex.Fam.Code Ann. § 11.01(5) (Vernon 1975). Consequently, the trial judge abused his discretion in striking the plea. Accordingly, we reverse the judgment of the trial court granting custody to Mendez and remand so that the Brewers may proceed with their plea in intervention.

In 1978 the Texas Department of Human Resources filed a suit to terminate the parental rights of Mendez and his wife for alleged child abuse. Pending hearing, the child was placed by the Texas Department of Human Resources in a foster home with appellants Brewer. While the termination suit was pending, the Brewers sought to intervene in the Department's suit to terminate the natural parents' parental rights and to adopt the child. On motion of appellee Mendez, the plea was stricken. The suit then proceeded to a final judgment terminating the mother's rights and appointing the father sole conservator. From this judgment intervenors have appealed complaining of the striking of their intervention.

■ Mendez asserted in his motion to strike the intervention that intervenors had no legally assertible interest in the child and, therefore, the judge had "sufficient cause" to strike it under Tex.R.Civ.P. 60 which provides that "any party may intervene, subject to being stricken out by the court for *sufficient cause* on the motion of the opposite party . . . ." [Emphasis added.] Under this rule and the case law existing before its adoption, a person or entity has the right to intervene if the intervenor could have brought the same action, or any part thereof, in his own name. The interest asserted by the intervenor may be either legal or equitable. *King v. Olds*, 71 Tex. 729, 12 S.W. 65 (1888); *Inter-Continental Corp. v. Moody*, 411 S.W.2d 578, 589 (Tex. Civ.App.—Houston 1966, writ ref'd n. r. e.); 1 R. McDonald, Texas Civil Practice § 3.47 (1981). The rationale behind this well established test is based upon judicial economy and upon fairness to an intervenor who has a legal or equitable interest in the subject matter of the suit and whose rights may be affected by the judgment.

■ Our question then is whether the Brewers could have brought the original suit in the interest of the child seeking termination of the natural parents' rights and seeking custody. Essentially, the question is whether the Brewers had standing to bring the original suit. *See San Antonio Conservation Soc. v. City of San Antonio,*

250 S.W.2d 259, 264 (Tex.Civ.App.—Austin 1952, writ ref'd). We hold that the Brewers had standing to seek termination, custody and adoption of the child in question because the Brewers have alleged such a personal interest in the litigation, which is adverse to Mendez and the Department, that the presentation of the issues is likely to be sharpened. *Baker v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

Our holding is in accord with the rationale of the Houston Court of Civil Appeals [1st Dist.] in *Harris County Child Welfare Unit v. Caloudas,* 590 S.W.2d 596, 599 (Tex. Civ.App.—Houston [1st Dist.] 1979, no writ). In a remarkably similar fact situation, with the exception that in that case the trial judge permitted intervention, the foster parents intervened seeking termination of the natural mother's rights and custody in a suit affecting the best interest of a child. There, as here, the Department sought termination of the mother's parental rights, then modified its position and requested that the child be returned to her natural mother. But the foster parents, who had been caring for the child over a period of several years, intervened seeking termination, custody and adoption. The trial judge declined to strike the intervention, and after trial to a jury, the natural mother's rights were terminated and custody was awarded to the foster parents. Additionally, they were permitted to proceed with adoption of the child. Both the mother and the welfare department appealed, asserting that the foster parents lacked standing and that the right of natural parents to their child was paramount. The Department contended that once it had commenced a program to reunite mother and child, public policy demanded that the Department have discretion to continue its program with respect to the child and that foster parents lacked standing to intervene. In rejecting this argument, the Houston Court of Civil Appeals noted that Tex.Fam. Code Ann. § 14.02(b) and (c) (Vernon 1975) makes no distinction between an authorized agency and a person. In holding that the foster parents had standing to sue, the court noted that under section 11.03 of the

Family Code any interested person may bring a suit affecting the parent-child relationship as defined by section 11.01(5) (Vernon 1975). We agree with the Houston Court of Civil Appeals.

In our view, the guiding beacon of the Family Code is the best interest of the child, rather than the rights of the natural parents. *C— v. C—,* 534 S.W.2d 359, 361 (Tex.Civ.App.—Dallas 1976, no writ). Tex. Fam.Code Ann. § 14.07(a) (Vernon 1975) provides that "the best interest of the child *shall* always be the primary consideration of the court in determining questions of managing conservatorship, possession, and support of and access to the child." [Emphasis added.] The supreme court in *Holley v. Adams,* 544 S.W.2d 367, 371 (Tex.1976) set forth criteria for determining what is in the best interest of the child. These include: (A) the desires of the child; (B) *the emotional and physical needs of the child now and in the future*; (C) *the emotional and physical danger to the child now and in the future*; (D) *the parental abilities of the individuals seeking custody*; (E) the programs available to assist these individuals to promote the best interest of the child; (F) the plans for the child by the individuals or agency seeking custody; (G) *the stability of the home or the proposed placement*; (H) *the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one*; and (I) *any excuse for the acts or omissions of the parent.* [Emphasis added.]

Thus, both the legislature and the supreme court recognize that parties other than parents or relatives or state agencies may have a legal right to assert their concern for the best interest of the child. Certainly, persons such as the Brewers, who, as foster parents, have had possession of the child from the age of fourteen months, have such an interest in the child and, thus standing to be heard with respect to the best interest of the child. *Barrow v. Durham,* 574 S.W.2d 857, 861 (Tex.Civ.App.— Corpus Christi 1978), *aff'd on other grounds,* 600 S.W.2d 756 (Tex.1978); *Watts v. Watts,* 573 S.W.2d 864, 868 (Tex.Civ.App.

—Fort Worth 1978, no writ). Accordingly, we hold that the Brewers had a sufficient interest in the child to bring a suit to seek termination of the natural parents' rights as well as custody and adoption of the child. To hold to the contrary would hamper the court in determining the best interest of the child as contemplated by the Texas Family Code and our supreme court.

As "sufficient cause" to strike the plea in intervention, Mendez further asserted in his motion that the Brewers should not be permitted to assert any action with respect to the child because the only rights that they acquired were obtained through the Department, and it would be against public policy to permit foster parents to seek involuntary termination of the rights of natural parents because the foster parents are nothing more than caretaker-payees of the Department. We conclude that this contention also is contrary to the rationale of *Harris County Child Welfare Unit v. Caloudas, supra. See also In the Interest of An Unnamed Child*, 584 S.W.2d 476, 478 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n. r. e.).

Mendez also asserted that the intervention was not necessary to protect the child's interests because the Department and the foster parents had an identity of interest insofar as termination of the parental rights of the natural parents. We do not agree. Although their interests may be the same in some respects, it does not follow that this is "sufficient cause" to strike the plea in intervention because the Brewers were seeking adoption as well as termination. Thus, under the well-recognized criteria for intervention set forth, *supra*, this is not a ground justifying striking the plea in intervention.

Mendez further argued that the intervenors had no knowledge of events and circumstances pertaining to termination and their presence in the lawsuit would be confusing to a jury and thus prejudicial to Mendez. We do not consider these contentions because they are immaterial to the question of what is in the child's best interest. Furthermore, the first is evidentiary and the second can be controlled by instructions in the court's charge to the jury. Thus, we hold that these grounds are not sufficient cause to strike the intervention.

Mendez's next ground for striking is that the Brewers could maintain a suit independent of the suit brought by the Department. This ground is likewise untenable. In this respect, we note that neither judicial economy nor the interest of the child is served by two lawsuits concerning the same subject matter. Additionally, the trial court could not consider all possibilities pertaining to the best interest of the child without all interested parties before the court so that the best interest of the child could be fully developed before any decision with respect to the child is reached. Furthermore, ordering a party to take his lawsuit elsewhere is not an alternative open to the judge in intervention. *Apparel Contractors, Inc. v. Vantage Properties, Inc.*, 620 S.W.2d 666 (Tex.Civ.App.—Dallas 1981, *writ pending*); *Boswell, O'Toole, Davis & Pickering v. Stewart*, 531 S.W.2d 380, 382 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ).

Mendez's final contention is that the plea could result in delay of the litigation. Although this may be a valid consideration in other types of cases, we hold that where the interests of children are concerned, this alone is not a ground for striking the plea. We conclude, therefore, that Mendez has failed to state "sufficient cause" under rule 60 to justify the juvenile judge's order striking the intervention. Accordingly, we hold that the trial judge abused his discretion in striking the plea.

In so holding, we are aware of the broad discretion accorded trial judges in determining whether an intervention should be stricken. That determination is, of course, subject to review for abuse. In conclusion, if the intervenor could have brought all, or a part of the suit in his own right, and if the intervention will not unduly complicate the issues, and if it is essential to effectively protect the intervenor's interest or the interest of the child, the trial judge abuses his discretion in striking the intervention. Accordingly, the final judgment of the ju-

venile court is reversed, except as to termination of the mother, and this cause remanded to the juvenile court with instructions to permit the intervention, and then to proceed to trial and final judgment on the intervention of the Brewers.

Reversed and remanded.