**Sandra A. (Williams) SAWA, Appellant,**

v.

**Frank D. WILLIAMS, Jr., Appellee.**

No. 16919.

Court of Appeals of Texas,
San Antonio.

July 13, 1983.

Edward V. Dylla, San Antonio, for appellant.

Juventino Guerra, Jr., San Antonio, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

OPINION

CANTU, Justice.

On May 4, 1972 the parties hereto were divorced and appellant was awarded custo-

dy of the sole child of the marriage. Appellee was granted visitation rights and was required to pay $100.00 a month child support.

On March 26, 1976 an order modifying child support and increasing payments to $160.00 a month was entered by agreement of the parties.[1] The order was entered under the same cause number as the original decree of divorce.

On February 6, 1981, appellee filed a motion to modify the original decree of divorce, seeking change of custody and alternatively increased visitation rights as to the child and a reduction in support payments. The motion was filed under the same cause number as the original decree of divorce and recites that the court has acquired and retains continuing jurisdiction of this suit and of the child the subject of the suit as a result of prior proceedings.[2]

Appellant responded with a special appearance, a motion to dismiss subject to the special appearance, and a general denial. The trial court overruled the special appearance and motion to dismiss and granted appellee the alternative relief sought. From that order, appellant appeals.

Appellant asserts that due to the amendment of the Family Code in 1974, appellee was required to file an original petition, rather than a motion to modify, and that the failure to do so denied the court of jurisdiction.

Reliance is placed on the enactment provisions, Title 2, Parent and Child, Texas Family Code as amended by the 1974 revision, whereupon in enacting the amendments to the Code, the Legislature stated,

Any action or suit commenced after January 1, 1974, that has as its subject the modification of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act,

and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction.

1973 Tex.Gen.Laws, ch. 543, § 4(b), at 1459.

Tex.Fam.Code Ann. § 11.05(a) (Vernon Supp.1982–1983) provides in pertinent part:

Except as provided in subsections (b), (c), (d), and (e) of this section and in Section 11.052 of this code, when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all parties and matters provided for under this subtitle in connection with the child.

Tex.Fam.Code Ann. § 14.08(a) (Vernon Supp.1982–1983) provides in pertinent part:

A court order or the portion of a decree that provides for the support of a child or the appointment of a conservator or that sets the terms and conditions of conservatorship for, support for, or access to a child may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship.

We hold the entry of the agreed order dated March 26, 1976, in the absence of a showing otherwise, to constitute invocation of the court's jurisdiction by the filing of a petition as required by Tex.Fam.Code Ann. § 11.045 (Vernon Supp.1982–1983) and in compliance with legislative intent as reflected in the enactment provisions referred to above.

After 1974, once jurisdiction is acquired by a court, that court thereafter has exclusive continuous jurisdiction. Tex.Fam.Code Ann. § 11.05(a) (Vernon Supp.1982–1983); *Ex parte Owens,* 605 S.W.2d 709, 711 (Tex. Civ.App.—Dallas 1980, no writ); *Watts v. Watts,* 573 S.W.2d 864 (Tex.Civ.App.—Fort Worth 1978, no writ); *Baker v. Seaver,* 567 S.W.2d 854, 856 (Tex.Civ.App.—Eastland 1978, no writ). In the case at bar the entering of the March 26, 1976 agreed order

---

1. The record does not include a motion to modify or a petition seeking further action concerning a child who is the subject of a suit affecting the parent-child relationship. We are, therefore, unable to ascertain how the jurisdiction of the court was invoked by the parties.

2. Presumably referring to the Order of March 26, 1976.

modifying the original decree of divorce, invoked the jurisdiction of the trial court in an action affecting the parent-child relationship. To modify the decree again, all that was needed was a motion filed in that same court. Tex.Fam.Code Ann. § 14.08 (Vernon Supp.1982–1983).

The judgment of the trial court is affirmed.