Jeffrey Alan MENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–83–0796–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 15, 1984.

Larry Urquhart, Brenham, for appellant.

Charles J. Sebesta, Jr., Washington County Dist. Atty., Caldwell, for appellee.

Before WARREN, JACK SMITH and BULLOCK, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of aggravated robbery and assessed punishment at 10 years confinement.

In two grounds of error appellant contends: (1) that the trial court erred in admitting hearsay evidence of a manufacturer's warning that the pistol could cause serious injury or death; and, (2) that the evidence failed to establish that the weapon used in the commission of the offense was a "deadly weapon" under section 1.07(a)(11) of the Texas Penal Code.

At approximately 1:00 p.m. on May 12, 1983, the phone lines at the Farmers State Bank in Chappel Hill, Texas, went dead. A few minutes later, the appellant entered the bank with a Crosman carbon dioxide (CO 2) pistol tucked in his pants, a satchel in one hand, and a demand note in the other. The appellant approached a bank teller and handed her the note. The teller read a note stating that the appellant was carrying a "357 Magnum" and ordering the teller to "fill [the satchel] with 100's, 50's, and 20's". The appellant exhibited the weapon to the teller and accompanied her into the bank vault where they put over $37,000 in the satchel.

The central issue at trial was not whether appellant robbed the bank, but whether the weapon he used was, in fact, a "deadly weapon", as alleged in the indictment.

In support of its contention that the carbon dioxide pellet revolver was a deadly weapon, the state offered the testimony of Washington County Sheriff Elwood Gold-berg and F.B.I. agent William Holloman. Both testified that the pistol was capable of causing serious injury or death, and that the pistol was manifestly designed to cause death or serious bodily injury. When Sheriff Goldberg was asked initially whether the pistol was manifestly designed to cause death or serious bodily injury, however, he replied that it was not.

Michael Buddell, a local firearms dealer called by the appellant, testified that the revolver was not manifestly designed to cause death or serious bodily injury. He did admit, however, that under certain limited conditions the revolver could inflict serious bodily injury or death.

Over objection, the state introduced a written manufacturer's warning, allegedly furnished to customers when a new Crosman CO 2 pellet revolver was sold. The warning was as follows:

CAUTION: not a toy. Adult supervision required. Misuse or careless use may cause serious injury or death. May be dangerous up to 400 yards.

In his first ground of error appellant claims that the court erred in admitting the written manufacturer's warning into evidence over his objection that it was hearsay.

The written warning was hearsay and therefore inadmissible. *See Jackson v. State*, 518 S.W.2d 371 (Tex.Crim.App.1975). The state admits that the document was hearsay, but contends that its admission was harmless error because the facts contained in the warning were sufficiently proved by other and competent evidence. That rule is stated by the Court of Criminal Appeals in *Huff v. State*, 560 S.W.2d 652 (Tex.Crim.App.1978). Other rules, however, have been promulgated by that court pertinent to our review of inadmissible evidence. A judgment will not be reversed for error in the admission of evidence that did not injure the defendant. The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. *Myre v. State*, 545 S.W.2d 820 (Tex.Crim.App.1977);

*Cunningham v. State,* 500 S.W.2d 820 (Tex.Crim.App.1973). In *Vanderbilt v. State,* 620 S.W.2d 709 (Tex.Crim.App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 75 L.Ed.2d 169 (1982), the court refined the rule, adopting the holdings of *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). The court in *Vanderbilt* held:

> The duty of this court is to determine from the record the probable impact upon the minds of an average jury. Unless we find a reasonable probability that the improperly admitted evidence contributed to appellant's conviction, reversal is not required. If we conclude that 'the minds of an average jury' would not have found the State's case significantly less persuasive had the testimony now at issue been excluded, we need not reverse.

*Vanderbilt,* 629 S.W.2d at 724, quoting *Schneble v. Florida,* 405 U.S. 427, 432, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972).

We have found no case such as ours, where there was a direct conflict between witnesses for the state and the defendant on a point in issue, and where inadmissible evidence was thereafter introduced by the state on the issue in question.

■ Here, the witnesses for the state and the one witness for the defendant were qualified as firearm experts, although none seem especially qualified in the area of CO 2 pistols. The material used by the state to bolster the testimony of its witnesses, however, was not merely another opinion. It emanated from the source most likely to have first-hand knowledge of the gun's capabilities and potential: the manufacturer.

We can not say that the warning from the gun's maker was merely cumulative of the state's experts. On the other hand, we can not say that the jury would not have found the revolver to be a deadly weapon without the benefit of the hearsay evidence. But where, as here, the evidence was in direct conflict, any doubt in the minds of the jurors would, in all likelihood, have been resolved by the inadmissible hearsay evidence. Thus there is a reasonable probability that the admission of the hearsay contributed to the appellant's conviction since the state's case would have been significantly less persuasive had the hearsay been excluded.

We sustain appellant's first ground of error.

■ Appellant's remaining ground of error urges that without the hearsay evidence, the remaining evidence is insufficient to support a finding that the CO 2 was a deadly weapon.

The testimony of Goldberg and Holloman, if believed by the jury, was sufficient to support a finding that the CO 2 pistol was a deadly weapon and that it was manifestly designed to inflict serious bodily injury or death. See *Corte v. State,* 630 S.W.2d 690 (Tex.App.—Houston [1st Dist.] 1982, pet. ref'd).

Appellant's second ground of error is overruled.

Reversed and remanded for a new trial.