Jose CRUZ, Relator,

v.

Hon. Jim SCANLAN, Respondent.

No. 01–84–0627–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 1984.

Bonnie J. Fitch, Rhodes & Fitch, Houston, for relator.

Samuel Gutierres, Houston Volunteer Lawyer's Program, Houston, for respondent.

Before WARREN, LEVY and COHEN, JJ.

## OPINION

COHEN, Justice.

Relator Jose Cruz asks this court to issue a writ of mandamus directing the probate court to vacate an order naming a temporary guardian.

Relator is the stepfather of two children whose mother died on April 18, 1984. In its order of September 28, 1984, the probate court appointed as temporary guardian the children's aunt, Shiren Lucits Dean. Relator challenges the authority of the probate court to name the temporary guardian, because on August 30, 1984, he had filed a petition for termination and adoption in the 257th Family District Court. This court granted leave to file an application for a writ of mandamus on October 11, 1984.

Mandamus has been held to be an appropriate remedy when a subsequent suit is filed after another court in which suit is first filed acquires dominant jurisdiction. *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974).

Both the probate courts and district courts have jurisdiction to issue temporary orders such as that issued in this case. Tex.Prob.Code Ann. sec. 131 (Vernon 1980) authorizes probate courts to ap-

point temporary guardians. Similarly, Tex. Fam.Code Ann. sec. 11.11(a)(1) (Vernon Supp.1984) gives the district courts authority to issue orders for temporary conservatorship. Guardianship of the person is essentially a managing conservatorship. *In re Guardianship of Henson,* 551 S.W.2d 136 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). However, once a district court acquires jurisdiction of a suit affecting the parent-child relationship, no other court has jurisdiction of parties and matters in connection with the child. Tex.Fam. Code sec. 11.05(a) (Vernon Supp.1984) provides in part:

> when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing exclusive jurisdiction of all parties and matters provided for under this subtitle in connection with the child.

Thus, section 11.05(a) specifies that once a district court acquires jurisdiction, it retains continuing jurisdiction except as otherwise provided. *Greene v. Schuble,* 654 S.W.2d 436, 439 (Tex.1983), (Ray, J., dissenting) (writ granted on other grounds); *Sawa v. Williams,* 656 S.W.2d 204 (Tex. App.—San Antonio 1983, no writ).

■ In a suit for termination and adoption, jurisdiction attaches upon the filing of a suit. *Mayo v. Hall,* 571 S.W.2d 213 (Tex.Civ.App.—Waco 1978, no writ). Tex.Fam.Code Ann. sec. 11.07(a) provides that "a suit affecting the parent-child relationship shall be commenced by the filing of a petition as provided in this chapter." Accordingly, Cruz's filing of the petition for termination and adoption in the district court vested that court with continuing exclusive jurisdiction and the probate court's subsequent order appointing a temporary guardian was ineffective.

The aunt responds by citing subsection (e) of 11.05 of the Family Code as authority for her assertion that the district court did not have continuing exclusive jurisdiction. The language of this subsection taken out of context is misleading. It reads:

> A court does not acquire continuing exclusive jurisdiction over the matters pro-

vided for under this subtitle in connection with the child before the entry of a final decree.

This section deals with the filing of subsequent suits and does not control interlocutory orders prior to the disposition of the case, which is covered by subsection (a) of 11.05. *See Greene v. Schuble,* 654 S.W.2d at 439.

■ The aunt also asserts that Cruz has no standing to bring a suit affecting the parent-child relationship. However, Tex. Fam.Code Ann. sec. 11.03 authorizes a person who has had possession and control of the child for at least six months immediately preceding the filing of a petition to bring suit. Whether Cruz met this requirement is a factual question to be decided by the district court, and is not before us for review.

Relator's petition for writ of mandamus is conditionally granted. We are confident that Judge Scanlan will vacate his order appointing a temporary guardian. The writ of mandamus will issue only if the order is not vacated.