**Edward J. YEVAK and Gene
Yevak, Appellants,**

**v.**

**Mark YEVAK and Stacy
Yevak, Appellees.**

**No. 9463.**

Court of Appeals of Texas,
Texarkana.

June 17, 1986.

Rehearing Denied July 22, 1986.

Kirk Patterson, Stewart, Hemmi & Pennypacker, San Antonio, for appellants.

Jerry N. Dennard, James G. Murry, Howard G. Baldwin, Jr., San Antonio, for appellees.

BLEIL, Justice.

Edward Yevak, and his wife, Gene, appeal from the judgment granting a divorce

between their son, Mark, and Stacy Yevak. They complain that the trial court erred in dismissing their plea in intervention. We agree and reverse.

Mark and Stacy Yevak married in November, 1980. One child was born of this marriage. On January 11, 1984, Mark and Stacy Yevak filed for divorce. Mark's parents, Edward and Gene Yevak, filed a plea in intervention and on February 25, 1985, the trial court appointed them temporary managing conservators of the child. On March 18, the trial court dismissed the plea in intervention and vacated the order appointing the grandparents temporary managing conservators. On March 20, the trial court divorced Mark and Stacy Yevak and named them joint managing conservators of the child.

The grandparents complain that the trial court erred in dismissing their plea in intervention because grandparents do have standing to intervene in suits concerning managing conservatorship of their grandchildren. They claim that the trial court erred in applying Tex.Fam.Code Ann. § 11.-03 (Vernon 1975) to intervenors, instead of limiting it to persons initiating suits affecting the parent-child relationship. During the time relevant to this suit, Section 11.03 provided:

A suit affecting the parent-child relationship may be brought by any person with an interest in the child, including the child (through a representative authorized by the court), any agency of the state or of a political subdivision of the state, and any authorized agency. A person has an interest in a child if the person has had possession and control of the child for at least six months immediately preceding the filing of the petition or is named in Section 11.09(a) of this code as being entitled to service by citation.

Tex.Fam.Code Ann. § 11.09(a) (Vernon Supp.1986) provided:

Except as provided in Subsection (b) of this section, the following persons are entitled to service of citation on the filing of a petition in a suit affecting the parent-child relationship:

(1) the managing conservator, if any;

(2) possessory conservators, if any;

(3) persons, if any, having access to the child under an order of the court;

(4) persons, if any, required by law or by order of a court to provide for the support of a child;

(5) the guardian of the person of the child, if any;

(6) the guardian of the estate of the child, if any;

(7) each parent as to whom the parent-child relationship has not been terminated or process has not been waived under Section 15.03(c)(2) of this code;

(8) in a suit in which termination of the parent-child relationship between an illegitimate child and its mother is sought, the alleged father or probable father, unless there is attached to the petition an affidavit of waiver of interest in a child executed by the alleged father or probable father as provided in Section 15.041 of this code or unless the petition states that the identity of the father is unknown; and

(9) in a suit to determine the paternity of a child, the alleged father, unless the alleged father is a petitioner.

In the order dismissing the grandparents' plea in intervention, the trial court found:

[T]hat the Intervenors, Edwin J. Yevak and Gene Yevak, had not had possession of the minor child, Shawn Christopher Yevak, for six (6) months prior to the time of the filing of their unverified intervention herein, and were not persons who have an interest in such child as set out in Sec. 11.03 of the Family Code of the State of Texas, and have no standing to maintain an intervention herein, ....

There is a significant distinction between someone who initiates a suit and someone who intervenes in a suit. *Young v. Young,* 693 S.W.2d 696 (Tex.App.-Houston [14th Dist.] 1985, writ dism'd). The grandparents do not fit into any category of persons entitled to bring or initiate a suit affecting the parent-child relationship under Tex. Fam.Code Ann. § 11.03 (Vernon 1975), and

§ 11.09(a) (Vernon Supp.1986). However, a grandparent may intervene in this type of action, once the lawsuit has been initiated by a person authorized to do so under Sections 11.03 and 11.09(a).

A grandparent's intervention may enhance the trial court's ability to adjudicate the cause in the best interests of the child. This intervention is subject to the court's discretion as to whether they may remain in the case because of a justiciable interest in the child. *Young v. Young, supra.* Tex.R.Civ.P. 60 provides that any party may intervene, subject to being stricken by the court for sufficient cause on the motion of the opposite party. In her special exceptions to the plea in intervention, Stacy Yevak asked that the plea in intervention be stricken. So, while the grandparents could intervene in the suit, the trial court had the discretion to strike their plea in intervention. However, we conclude that, having allowed the intervention, the court abused its discretion in not allowing evidence to be presented so that the question of whether sufficient cause to strike the intervention could be determined from the evidence.

The grandparents further maintain that the trial court erred in dismissing their plea in intervention because Sections 11.03 and 11.09(a) recognize the standing of persons who have been appointed temporary managing conservators, and the grandparents had been appointed temporary managing conservators. The petition was filed January 11, 1985, the grandparents filed their plea in intervention on October 23, 1984, and the grandparents were named as managing conservators of the child on February 25, 1985. At either the date the petition was filed or the date the plea in intervention was filed, the grandparents did not meet the requirements of Sections 11.03 and 11.09(a), because they were not at those times temporary managing conservators of the child.

We reverse the trial court's judgment and remand the cause for a determination of whether sufficient cause exists to strike the petition in intervention.

GRANT, Justice, partially concurring and partially dissenting.

I concur with the majority that this case should be reversed and remanded to the trial court; however, I dissent on the majority ruling that the purpose for remanding the cause is for a determination of whether sufficient cause exists to strike the plea in intervention.

With careful ambiguities, the majority has avoided addressing the issues in the case and has reached an enigmatic conclusion. The majority opinion requires a hearing to allow the introduction of evidence on the question of whether sufficient cause to strike the intervention exists. Yet, the majority leaves to obscurity as to what this evidence might pertain. Without guidance, the trial court and the litigants must conduct a proceeding to ascertain what is already undisputed in the record.

The majority cites no case, statute or rule requiring such a hearing.

Pursuant to Tex.R.Civ.P. 60, a motion was made by the party opposing the intervention. The gist of this motion is that the intervenors lack standing or lacked a justiciable interest. The trial judge is allowed under Rule 60 to determine the justiciable interest on the basis of the sufficiency of the petition in intervention. The sufficiency of the petition is tested by its allegations of fact on which the right to intervene depends. *Rogers v. Searle,* 533 S.W.2d 440 (Tex.Civ.App.-Corpus Christi 1976, no writ); *Wilson v. County of Calhoun,* 489 S.W.2d 393 (Tex.Civ.App.-Corpus Christi 1972, writ ref'd n.r.e.). The petition in intervention will fail if no right to intervene is shown because no sufficient interest is alleged by the party seeking to intervene. *Mulcahy v. Houston Steel Drum Co.,* 402 S.W.2d 817 (Tex.Civ.App.-Austin 1966, no writ).

The trial judge is specific in his reason for dismissing the plea of intervention. The order states that the intervenors had not had the child for six months prior to the time of filing of their intervention, that they were not persons who have an interest

in such child as set out in Section 11.03 of the Family Code, and that they have no standing to maintain the intervention. The majority has not demonstrated why the trial judge could not base his conclusion on the undisputed facts alleged in the pleadings.

No point of error is made on appeal concerning the need for a hearing for the presentation of evidence. It is undisputed by the parties that the intervenors were the grandparents of the child and that they had possession of the child beginning July 15, 1984 until March 18, 1985.[1] (The beginning date of possession was agreed to be counsel in a hearing before the court on March 18, 1985.)

It should also be pointed out that the failure of the trial court to conduct an evidentiary hearing on the intervention was not a point raised by the appellants on the appeal of this case.

There are three grounds which are undisputed in the record which give the intervenors standing or a justiciable interest in this case.

The first ground is established by the case of *Young v. Young*, 693 S.W.2d 696 (Tex.App.-Houston [14th Dist.] 1985, writ dism'd). The majority opinion relies strongly on the dicta in the *Young* case, but ignores the ratio decidendi of that case. In *Young v. Young, supra,* the appellants challenged the standing of the intervenors and the court held as a matter of law that grandparents have a justiciable interest in a proceeding to name the managing conservator of their grandchild.

In the case of *Watts v. Watts*, 573 S.W.2d 864 (Tex.Civ.App.-Fort Worth 1978, no writ), the court held that grandparents have the type of interest in their grandchildren which gives them standing to seek modification of conservatorship through their appointment as managing conservator.

The second ground establishing a justiciable interest involves the possession of the child for more than six months. Section 11.03 of the Family Code at the time of the dismissal of the intervenors provided that a person has an interest in a child if the person has had possession and control of the child for at least six months immediately preceding the filing of the petition. Although the six months time period had not elapsed at the time of the filing of the original petition, approximately eight months of possession had occurred at the time of the filing of the amended petition. This seems to be analogous to the six months residential requirements for which the courts have repeatedly held that the time of the filing of the amended petition should be considered as the filing of the suit. *Perusse v. Perusse*, 402 S.W.2d 931 (Tex.Civ.App.-El Paso 1966, no writ); *Whitsett v. Whitsett*, 201 S.W.2d 114 (Tex.Civ. App.-Fort Worth 1947, writ ref'd n.r.e.); *Coleman v. Coleman*, 20 S.W.2d 813 (Tex. Civ.App.-Eastland 1929, no writ). Under this line of cases, the courts have held that even though the party had not established the six months residency in the county at the time of the filing of the original petition, the courts would look to the residential requirements at the time of the filing of the amended petition. This same reasoning should apply to requirements of six months for possession of a child.

Section 11.03 of the Family Code deals with who may bring a suit affecting the parent-child relationship. A person or entity has a right to intervene if the intervenor could have brought the same action or any part thereof in his own name. *Brewer v. Mendez*, 620 S.W.2d 709 (Tex.Civ.App.-Dallas 1981), *rev'd on other grounds*, 626 S.W.2d 498 (Tex.1982).

The third established ground which gave the parents standing is under Section 11.-09(a) of the Family Code which provides that a managing conservator, among others, is entitled to service of citation on the

---

1. If the time of possession was in dispute, then the standing would become a factual question to be decided by the court. *Cruz v. Scanlan,* 682

S.W.2d 422 (Tex.App.-Houston [1st Dist.] 1984, no writ).

filing of a petition in a suit affecting the parent-child relationship. The intervenors were appointed temporary managing conservators on February 25, 1985. This list of persons entitled to service of citation on commencement of the suit affecting parent-child relationship is a legislative determination of persons who have a relationship with the child of sufficient legal dignity to be entitled to participate in an action involving the child. *Pratt v. Texas Department of Human Resources*, 614 S.W.2d 490 (Tex.Civ.App.-Amarillo 1981, writ ref'd n.r.e.). The persons so listed are persons who have "an interest in the child" giving them standing to bring suit affecting the parent-child relationship. Again, the standing to bring suit is the equivalent of standing to intervene. This temporary managing conservatorship was set aside on March 18, 1985, being the same date that the plea of intervention was dismissed and the final decree of divorce was granted.

By ignoring precedents and sidestepping the issue, the majority opinion leaves the salient question unanswered: What constitutes standing to maintain an intervention? This is the only issue raised by the motion to dismiss, the order of dismissal and the appeal.

What is accomplished by the trial court conducting an evidentiary hearing? No doubt, the intervenors will still be the grandparents of the child; the intervenors will still be shown to have been in possession of the child for eight months at the time of the filing of the amended motion to intervene; and they will still be the persons shown by the record to have been appointed temporary managing conservators.

And the prayer of the ancient Greek Ajax is still to be heard: "Reverse our judgment if it pleases you, but at least say something clear to help us in the future."

For the foregoing reasons, the order dismissing the intervenor should be set aside, and the grandparents having established a justiciable interest should be permitted to present their case on its merits.